UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

VINCENT TYRONE WHITAKER,
*Defendant-Appellant.*

No. 01-4711

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-00-73-HO)

Submitted: April 22, 2002

Decided: July 18, 2002

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Winnie Jordan Reaves, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Vincent Tyrone Whitaker was convicted by a jury of one count each of possession with intent to distribute at least five grams of crack cocaine, possession with intent to distribute cocaine, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (West 1999 & Supp. 2001); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000); and possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C.A. §§ 922(g), 924(a)(2) (West 2000). (JA Vol. 1, 12-14, 183-84). He appeals his sentence, contending that the district court improperly enhanced his offense level under the Sentencing Guidelines[1] for obstruction of justice.

The probation officer recommended that Whitaker's offense level be enhanced by two levels for obstruction of justice. *See* USSG § 3C1.1 (2000). This recommendation was based upon Whitaker's flight from a police officer who unsuccessfully attempted to arrest him. After Whitaker objected to this enhancement, the probation officer noted that Whitaker fled from the officer at a high rate of speed, and referred to USSG § 3C1.2, Reckless Endangerment During Flight. The district court denied Whitaker's objection to the enhancement based upon the reasons provided in the addendum to the presentence report. The district court sentenced Whitaker to a total of 295 months imprisonment, five years supervised release, and a $500 special assessment.

On appeal, Whitaker argues that his offense level was improperly enhanced for obstruction of justice because flight from arrest is an example of conduct to which the obstruction of justice enhancement

---

[1]*U.S. Sentencing Guidelines Manual* (2000).

does not apply. *See* USSG § 3C1.1, comment. (n.5(d)). While Whitaker correctly asserts that the probation officer incorrectly stated that avoiding or fleeing arrest is an example of conduct that is considered a proper basis for a § 3C1.1 enhancement, we conclude that the district court correctly applied a two level enhancement under § 3C1.2.

We review the district court's determination that Whitaker's conduct constituted reckless endangerment under the clearly erroneous standard. *United States v. Sloley*, 19 F.3d 149, 154 (4th Cir. 1994). The adjustment applies if the defendant recklessly created a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer. USSG § 3C1.2. A defendant's conduct is reckless when he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *See* USSG § 3C1.2, comment. (n.2); § 2A1.4, comment. (n.1). We have previously held that "the endangerment of the lives of law enforcement officers and innocent bystanders" is sufficient to support an obstruction of justice enhancement. *United States v. Hicks*, 948 F.2d 877, 884 (4th Cir. 1991).[2]

The record indicates that Whitaker fled from the officer at speeds more than double the speed limit in the residential area through which he traveled. Moreover, the officer testified that residents of the neighborhood, including children, were out in their yards at the time of the pursuit. We are convinced that "[m]ore than mere flight was involved, and the district court could correctly make a two level adjustment for obstruction of justice on that basis." *Id.*

Accordingly, we affirm Whitaker's convictions and sentence. We dispense with oral argument because the facts and legal contentions

---

[2]At the time Hicks was sentenced, § 3C1.2 of the Guidelines was not yet effective. This Court construed § 3C1.1 and determined enhancement was appropriate under that provision. *Hicks*, 948 F.2d at 884 n.5. We conclude that the facts in *Hicks* clearly also support enhancement under § 3C1.2.

are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*